## EDWARD DOWLING v. DAVID BERGIN.

*Specific performance—Agreement with party not holding full title.*

A father verbally gave his son a tract of land and put him in possession, and the son made improvements on it, and grew a crop of wheat. A person seeking to buy the land bargained with the son, whose rights he knew, but failing to agree with him, closed a contract with the father which it was agreed should be kept from the son's knowledge. The father afterwards refused to give a deed except subject to his son's claim for the wheat crop, and the purchaser filed a bill against him for specific performance. *Held,* that the bill was properly dismissed. The son was not a party and could not be bound by a decree. Complainant knew the father could not sell such interests as the son owned, and having no equities could not ask a court of equity to create complications in the title, but should be left to seek a remedy at law.

Appeal from Livingston. Submitted October 18. Decided October 26.

SPECIFIC PERFORMANCE. Complainant appeals. Dismissal affirmed.

*Waddell & Montague* for complainant.

*D. Shields* and *H. H. Harmon* for defendant.

CAMPBELL, J. Dowling brought a suit in equity in Livingston county for specific performance. The contract was in writing and free from ambiguity, but the grantor, who is defendant, refused to give a warranty deed, except subject to his son's claim for the wheat crop on the place.

It appears that a son of defendant had been in possession of the tract of forty acres in dispute, as part of a larger tract, which the father had verbally given him and put in his possession, and on which he had made improvements. It was known by complainant to be his in that sense, and all the preliminary bargaining for the property was between complainant and the young man. They did not come to an agreement, and complainant then went secretly to the father

and got him to close a contract, which it was agreed should not be made known to the son.

The son was entitled to possession, and owned the wheat. Upon the facts in this case it is by no means clear that he was not equitable owner of the land. Complainant knew that the father could not sell such interests as the son owned, or deprive him of any of his rights. Under such circumstances we think he must seek his legal remedy against the father, and not ask a court of equity to enforce it by creating complications in the title. The son is not a party to this suit and cannot be bound by the decree, and the complainant has no equities, whatever may be his rights at law.

The decree dismissing the bill should be affirmed with costs.

The other Justices concurred.